IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Duncan, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00482 |
| v. | : | Judge Marbley |
| Wal-Mart Stores, Inc. and Doug Hays, | : | Magistrate Judge Abel |
| Defendants | : | |

# Report and Recommendation

This matter is before the Magistrate Judge on plaintiff Mary Duncan's June 12, 2013 motion to remand and for attorney fees (doc. 13).

## I.    Allegations in the Complaint and the Amended Complaint

The original complaint alleges that on August 18, 2012, defendants Wal-Mart and Doug Hays, as general manager of the store, breached their duties of reasonable care when they failed to maintain aisles in the Home Decor section of Store # 5184 in a reasonably safe condition. Defendants' breach caused plaintiff Mary Duncan to slip on a clear, sticky liquid and seriously injure her knee. Doc. 4; Compl. at ¶ 1.

On August 18, 2012, plaintiff entered the store with her mother. *Id.* at ¶ 12. Plaintiff and her mother walked back to the Home Decor department. *Id.* at ¶ 13. There was a clear, sticky liquid on the floor of one of the aisles. at ¶ 14. As plaintiff was shopping, she suddenly slipped on the clear, sticky liquid and twisted her right knee. *Id.*

1

at ¶ 15. Plaintiff immediately experienced a great deal of pain. *Id.* at ¶ 16. As a result of her fall, plaintiff sought extensive medical attention, including medication, arthroscopy, medial meniscectomy and chondroplasty for tears in the medial meniscus and physical therapy. *Id.* at ¶¶ 20-21. Plaintiff was unable to work for a substantial amount of time because of her medical restrictions. Upon information and belief, the clear, sticky liquid had been on the floor for an extended period of time, and Wal-Mart employees knew or should have known that the liquid was present and a danger to customers. *Id.* at ¶ 23.

The complaint alleges that plaintiff was the business invitee of the store and its employees. *Id.* at ¶ 26. Employees of the store breached their duty of reasonable care to maintain the premises in a reasonably safe condition. *Id.* at ¶ 27. Employees of the store breached their duty of reasonable care by failing to remedy the substantially dangerous condition. *Id.* at ¶ 28.

The complaint further alleges that defendant Hays, as a general manager, had a duty to exercise ordinary care in supervising employees of the store. *Id.* at ¶ 34. Hays breached his duty when he failed to ensure that employees maintained the store's premises in a reasonably safe condition. *Id.* at ¶ 35. Wal-Mart is vicariously liable for Hays' breach. *Id.* at ¶ 37.

The first amended complaint, filed after this case was removed from the common pleas court to this court, alleges that defendant Hays, as general manager, had a duty to adequately supervise his employees tasked with maintaining the store in a reasonably safe condition. Defendants breached their duties when they failed to maintain the aisles

2

in the Home Decor section in a reasonably safe condition. Doc. 8; Am. Compl. at ¶ 1. As general manager, Hays was the senior-most manager at the store and possessed control and supervision over the premises. His control and supervision over the premises included the authority to hire and fire employees; the authority to discipline employees, including the authority to discipline employees for failing to maintain the store's premises in a reasonably safe condition; to implement policies, practices and procedures for maintaining the store in a reasonably safe condition; the authority to assign particular employees responsibility for maintaining the premises in a reasonably safe condition; the authority to admit or exclude individuals from the premises; the authority to implement polices, practices and procedures regarding whom to admit or exclude from the premises; and the authority to assign particular employees responsibility for admitting or excluding individuals from the premises; and all other authority that would demonstrate that Hays' extent of control and supervision over the premises to show that Hays was an occupier of the store's premises. *Id.* at ¶ 9.

Defendant Hays was working at the store when plaintiff slipped and fell, and he had supervision or control over the employees who were working at the time plaintiff fell and who failed to keep the floors of various aisles in the store free of dangerous substances. *Id.* at ¶ 23. Hayes failed to institute any or adequate policies, practices or procedures requiring employees to take reasonable efforts to keep the floors of various aisles in the store free of dangerous substances. *Id.* at ¶ 24. To the extent any policies,

3

practices or procedures existed, Hays failed to properly ensure employees under his control and supervision complied with such policies, practices or procedures. *Id.* at ¶ 25.

The amended complaint alleges that by virtue of his control and supervision of the store, Hays was an occupier of the store where plaintiff was injured. *Id.* at ¶ 28. Defendants owed their business invitees, such as plaintiff, a duty of reasonable care to maintain the premises in a reasonably safe condition. *Id.* at ¶ 30. Because the liquid on which plaintiff slipped was clear and located in an aisle, it was a condition substantially dangerous enough that the ordinary business invitee would not be aware of the risks. *Id.* at ¶ 31. Wal-Mart, Hays and the store employees breached their duty of reasonable care by failing to remedy the substantially dangerous condition. *Id.* at ¶ 32. Wal-Mart is vicariously liable for the breach of their employees. *Id.* at ¶ 34. Hays is vicariously liable for the breach if his employees at the store. *Id.* at ¶ 35. The amended complaint further asserts that as general manager of the store, Hays had a duty to exercise ordinary care in supervising employees. *Id.* at ¶ 38.

## II.     Arguments of the Parties

### A.     Plaintiff Mary Duncan

Plaintiff Mary Duncan argues that this Court does not have original jurisdiction over this action because both plaintiff and defendant Hays are citizens of the state of Ohio thus destroying complete diversity. Plaintiff maintains that Hays was not fraudulently joined. To demonstrate fraudulent joinder, defendants must present sufficient evidence that plaintiff cannot establish a cause of action against a non-diverse

4

defendant under state law. Plaintiff maintains that a state law claim is colorable if the state law might impose liability on the resident defendant under the facts alleged. Fraudulent joinder only occurs when the plaintiff has no hope of recovering against the non-diverse defendant.

Plaintiff maintains that Ohio law might permit a manager to be held liable for premises liability if he has sufficient control and supervision over the property. Under Ohio law, premises liability extends to owners or occupiers. In Ohio, the test for determining whether someone is an occupier of property is whether they had sufficient control over the premises, such as whether they had the power to admit people or to exclude people from the premises. Plaintiff maintains that Hays can be considered an "occupier" under Ohio case law. Plaintiff has alleged that Hays had measures of control over the store, including the authority to admit or exclude patrons.

All uncertainties in state law must be resolved in favor of remand. Plaintiff maintains that remand is required when there is conflicting case law and where there is no dispositive case law in defendants' favor.

Plaintiff also argues that she is entitled to attorney fees because the basis for removal was not objectively reasonable because defendants maintain that only an owner can be liable and no one else.

### B. Defendants Wal-Mart Stores, Inc. and Doug Hays

Defendants maintain that by joining Hays, the store manager, plaintiff's motive is absolutely clear; he has been joined in this action for the sole purpose of defeating

5

diversity jurisdiction to prevent removal to federal court. If Hays is forced to remain in this suit, it would make him, and the other 150 employees employed at Wal-Mart Store No. 5184, the personal guarantor of every customer at a store that sees thousands of customers per day. Defendants maintain that every employee at Wal-Mart could be held liable for every injury that occurred at the store by sole virtue of their employment. Defendants maintains that plaintiff has not plead any facts against Hays. Defendants maintain that plaintiff has not alleged any facts that Hays knew or should have known of any substance that caused plaintiff to fall or that Hays negligently supervised employees or knew of an employee's incompetence. Rather, plaintiff's complaint contains overly broad allegations, none of which are specific to Hays. Defendants argue that there is no case law to support holding a store manager personally liable for a slip and fall injury, and no Ohio court has held that a store manager can be held personally liable in premise liability case.

Defendants argue that plaintiff's motion to remand should be denied because under Ohio law, Wal-Mart was the occupier of the premises, not Hayes. Defendants maintain that the term, "occupier" is typically applied to a lessee, and there are no Ohio cases holding that a store manager is considered an "occupier" for purposes of premise liability. Cases that have applied the "occupier" language have been limited to cases involving a lessee, who does not own the premises. Limiting liability to the corporate entity that owns or leases the premises makes sense because liability stems from the duty owed to business invitees. Customers are invitees of the business, and not the

individual employees. Although plaintiff argues that Hays is an occupier because he had authority to exercise control the premises, there are no allegations that Hays personally admitted or excluded any customers from the premises. According to defendants, Wal-Mart, not Hays, occupied and controlled the premises.

Defendants argue that although there are no Ohio cases addressing an employee's personal liability in a slip and fall case, courts outside of Ohio have held that managers and employees are not individually liable in premise liability cases. Defendants maintain that plaintiff mistakenly relies upon cases that are not applicable to the issue of whether an employee can be held liable under Ohio law. Defendants further argue that as a matter of public policy and judicial economy, Hays should be dismissed.

Defendants further argue that the allegations in plaintiff's amended complaint should not be used to determine whether remand is appropriate. The right of removal is determined by the pleadings at the time the petition for removal is filed. Plaintiff may not defeat federal jurisdiction after a case has been properly removed. Defendants maintain that plaintiff's original complaint asserted a claim for negligence only against Wal-Mart. Plaintiff subsequently amended her complaint to add a claim against Hays under a premise liability theory. Because the propriety of removal is determined at the time of removal, only plaintiff's negligent supervision claim can be considered to determine whether remand is appropriate. According to defendants, there are no cases

in which a plaintiff has sought personal liability against an employee for negligent supervision because negligence is imputed to the employer.

Defendants further argue that removal is proper because Hays should be dismissed to plaintiff's failure to meet federal pleading requirements. According to defendants, plaintiff's original complaint fails to plead sufficient factual allegation to sustain a premise liability claim against Hays. Defendants also argue that the amended complaint fails to plead sufficient factual allegations to sustain a negligent supervision claim.

Defendants maintains that because removing this case to federal court was objectively reasonable, attorney fees should not be awarded.

**III.   Discussion**

A civil case brought in state court may be removed to federal court only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. If a case has been improperly removed, the action must be remanded, and the order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A case may be removed under § 1441(b) where there is complete diversity of the parties at the time of removal.  All parties on one side of the litigation must have different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing

defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir.2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)). In order to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Coyne*, 183 F.3d at 492–93 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994)). The party seeking removal bears a heavy burden of proving that joinder of a party is fraudulent:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493 (internal quotation marks and citation omitted).

Although the general rule is that the propriety of removal is determined at the time the case is removed, plaintiff maintains that because she is permitted to amend as a matter of course under Rule 15(a)(1)(B), her amended complaint is the operative pleading for determining whether this matter should be remanded. The cases cited by plaintiff to support that her position that the amended complaint is the operative pleading for determining whether remand is appropriate are distinguishable from the circumstances of this case.

In *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006), at the time of removal, the only defendant identified by name was a citizen of Pennsylvania. The remaining defendants were identified as John Does, and their citizenship was unknown. As a result, at the time of removal, complete diversity existed because the plaintiff was a citizen of Ohio. After the district court granted the plaintiff's motion to file a third amended complaint, plaintiff named two nondiverse defendants. Plaintiff maintained that he had only recently learned the identities of the John Doe defendants. Although the amendment of the complaint resulted in Ohio citizens on both side of the lawsuit, neither the party nor the district court recognized that the amended complaint eliminated the court's subject matter jurisdiction over the case.

This case is factually distinct from *Curry v. U.S. Bulk Transport, Inc.* The nondiverse defendant, Hays, has been identified from the outset. Defendant contends that the inclusion of Hays in this lawsuit is an attempt to defeat federal jurisdiction by means of fraudulent joinder. According to defendants, plaintiff's amended complaint only seeks to bolster those allegations against Hays in an effort to remand the case because the allegations in the original complaint fail to state a colorable claim against Hays under state law.

A review of the allegations in the original complaint demonstrate that the inclusion of Hays was made in an obvious attempt to defeat subject matter jurisdiction in this Court.

Plaintiff relies on *Wimpsett v. FSL Management, LLC*, No. 3:13-cv-00008, 2013 WL 1501050 (W.D. Ky Apr. 1, 2013), in which a district court remanded a case under similar circumstances. In *Wimpsett*, the plaintiff alleged claims of premises liability and negligent supervision against the property owner and the general manager. The *Wimpsett* Court rejected the fraudulent joinder argument and concluded that state law might permit a manager to be held liable if he had sufficient control and supervision over the property. In doing so, the *Wimpsett* Court relied in part on *Bradford v. Lexington Fayette Urban County Government,* No. 2004-CA-000536-MR, 2005 WL 327177, at *3-4 (Ky. App. Ct. Feb. 11, 2005), which held that the corporation that had a contract with the county government to manage a government parking garage had the same duty to use reasonable care to keep the premises safe for its business invitees. Although the *Wimpsett* Court noted that the Kentucky Court of Appeals ultimately held that a manager did not have sufficient control over the gas station to impose premises liability in *Smith v. Grubb*,  --- S.W.3d ----, 2012 WL 2160192 (Ky.App. 2012), the court emphasized that this finding came after discovery and trial. The *Smith* Court stated:

> There are legitimate public policy reasons for not imposing a duty on a local convenience store manager to maintain the employer's premises. The local store manager is often an hourly employee and, as a nonowner of the premises, does not have premises liability coverage. Moreover, to avoid potential liability, virtually every employee would have to be trained and develop the expertise to remedy any conceivable defect on the employer's premises, a duty not assumed nor contemplated by their employment.

*Smith v. Grubb*, 2012 WL 2160192, at *8 (Ky. App. 2012).

11

Under Ohio law, the owner or operator of a store who invites the public into his premises to transact business owes the duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the protection of such invitees. *Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38, 40 (1967)(quoting *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381 (1950). To determine whether an individual is an occupier of property, a court examines whether he had sufficient control over the premises, such as whether the individual could admit or exclude people from the premises. *Simpson v. Big Bear Stores Co.*, 73 Ohio St. 3d 130 (1995).

Plaintiff's reliance on *Duncan v. Capitol South Community Urban Redevelopment Corp.* for the proposition that a manager can be an "occupier" for premises liability is misplaced. *See id.* at 2003 WL 1227586, 5 (Ohio App. 10 Dist. Mar. 18, 2003) ("[D]efendants did not contest that they were the owners or occupiers of the parking garage.") A management company operating a parking garage is sufficiently dissimilar from the facts of this case, particularly where the management company did not argue that it lacked sufficient control to be considered an occupier.

Here, I conclude that Hays has been named in this lawsuit as a means to defeat subject matter jurisdiction. Plaintiff cannot believe that Hays will be held personally liable, and his inclusion in this suit is unnecessary for plaintiff to recover against Wal-Mart. Although it is defendants' burden to demonstrate that a defendant has been fraudulently joined, plaintiff has not pointed to any case law demonstrating that there is an ambiguity in state law that might permit this action to proceed against Hays. Under

12

Ohio law, an owner or occupier has a duty to exercise reasonable care to prevent accident and injury to customers. The case law suggests that the distinction between owner and occupier applies to those situations where the property owner may not maintain control of the property, and the relevant party is the manager or lessee of the property. This case does not present that scenario. Here, Wal-Mart is both the owner and occupier of the premises.

The allegations in the complaint further support this conclusion. The allegations lack sufficient detail to withstand a Rule 12(b)(6) motion.

### IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Mary Duncan's June 12, 2013 motion to remand and for attorney fees (doc. 13) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373,

380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge